UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andrew Marshall McElrath, | ) | C/A No. 5:13-317-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | *for partial disposition* |
| South Carolina Department of Corrections/ | ) | |
| Chris Golden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Andrew Marshall McElrath ("Plaintiff"), proceeding pro se, brings this § 1983 civil action alleging violations of his constitutional rights. Plaintiff is an inmate at the Broad River Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the court dismiss Defendant South Carolina Department of Corrections ("SCDC") without service of process and without prejudice. Further, to the extent Plaintiff intends to name Lee Price and Leighann Price as Defendants, the court should also dismiss them without service of process and without prejudice.

BACKGROUND INFORMATION

Plaintiff alleges on December 12, 2012, he was taken into custody by Chris Golden, an SCDC investigator, and three other SCDC employees at 116 Burris Road in Iva, South Carolina, a residence belonging to Lee Price and his daughter Leighann Price. Compl. 3, ECF No. 1-2. Plaintiff alleges that he did not resist and that Chris Golden handcuffed his hands behind his back. *Id.* He alleges that Golden physically attacked and beat him badly, causing a crushed nose and broken eyebrow/temple bone. *Id.* Plaintiff seems to allege that the other three SCDC employees may have assisted in the attack. *Id.* at 4. Plaintiff alleges that Leighann Price witnessed the beating and

recorded it by video. *Id.* at 3. He alleges he was taken directly to Broad River Correctional Institution, and someone took pictures of his injuries. *Id.* He asserts that he brings suit against Lee Price because he is the homeowner of the place where the assault happened. *Id.* at 4-5. Additionally, Plaintiff alleges on December 12, 2012, he was forced to expose his nude body to a female correctional officer in violation of his religious beliefs. *Id.* at 4. Further, he alleges that SCDC will not allow him law library books and has taken legal mail from him. *Id.* at 4-5. Plaintiff seeks damages against SCDC, Chris Golden, and Lee Price.[1] *Id.* at 5.

Although in the Complaint Plaintiff names only SCDC and Chris Golden as Defendants (and possibly Lee Price within the body of the Complaint), in response to this court's proper form order dated February 12, 2013, he submitted proposed service documents for Lee Price and Leighann Price. ECF No. 17.

## INITIAL REVIEW

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 (PLRA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially

---

[1] This court has explained the relevant factual allegations and relief sought. Certain allegations are not mentioned herein because they are not pertinent to this Report and Recommendation.

meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, a portion of the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which a litigant seeks to proceed in forma pauperis at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## DISCUSSION

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A private citizen ordinarily may not be sued pursuant to 42 U.S.C. § 1983. "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012) (internal quotation omitted). With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States

3

Constitution.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).  Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-43 (4th Cir. 2000). Here, Plaintiff alleges Lee Price is a private citizen who is the homeowner of the location where the assault occurred. Further, he alleges that Leighann Price, daughter of Lee Price, was present during the attack and witnessed it.  There is no allegation that Lee Price was present during the assault, nor that the prison officials exercised coercive power, provided significant encouragement, or wilfully participated in joint activity with Leighann Price or Lee Price. *See Mentavlos*, 249 F.3d at 311.  Thus, because it cannot fairly be said that Lee Price or Leighann Price was a state actor, this action fails to state a claim against them pursuant to 42 U.S.C. § 1983.

Further, Defendant SCDC, as an agency of South Carolina, has Eleventh Amendment immunity from this action seeking damages in this court. *See Cypress v. S.C. Dep't of Corr.*, C/A No. 3:11-2910-CMC-JRM, 2011 WL 5873040, at *1–2 (D.S.C. Nov. 7, 2011), *adopted by*, 2011 WL 5876910 (D.S.C. Nov. 22, 2011).  "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact . . .." *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* at 1638 (internal citations and footnote omitted).  The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.* at 1637 n.1. The

4

Supreme Court has construed the Eleventh Amendment "'to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3 244, 248 (4th Cir. 2012) (citation omitted). A state must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Accordingly, Defendant SCDC should be dismissed based upon Eleventh Amendment immunity.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the court dismiss Defendant SCDC without service of process and without prejudice. Further, to the extent Plaintiff intends to name Lee Price and Leighann Price as Defendants, the court should also dismiss them without service of process and without prejudice. At this time, the case is proceeding against Defendant Chris Golden.

IT IS SO RECOMMENDED.

March 25, 2013                                                    Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).