**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Andrew Marshall McElrath, | ) Civil Action No.: 5:13-317-MGL |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **OPINION AND ORDER** |
| South Carolina Department of Corrections/ | ) |
| Chris Golden, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff Andrew Marshall McElrath ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights stemming from an incident which he alleges took place on December 11, 2012, and caused multiple injuries. Plaintiff is an inmate of the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling and a Report and Recommendation ("Report"). The Magistrate Judge issued her Report on March 25, 2013, recommending that the Court dismiss Defendant SCDC without service of process and without prejudice because of SCDC's Eleventh Amendment immunity. (ECF No. 31 at 1.) The Report further recommends that to the extent Plaintiff intended to name Lee Price and Leighann Price as Defendants, the Court dismiss those individuals without service of process and without prejudice. (ECF No. 31 at 1.)

## DISCUSSION AND ANALYSIS

The Magistrate Judge only makes a recommendation to the Court. The recommendation has no presumptive weight, and the Court retains the responsibility for making a final determination.

*Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.  The Magistrate Judge reviewed Plaintiff's pro se Complaint liberally in accordance with the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 (PLRA), and in light of applicable case precedents.  (ECF No. 31 at 2-3.)  The Magistrate Judge also set forth the relevant standards applicable to review of § 1983 claims.  (ECF No. 31 at 3.)  The Magistrate Judge concluded that Plaintiff failed to state a claim against private citizens Lee Price and/or Leighann Price because it cannot be fairly said that either was a state actor.  (ECF No. 31 at 3-4.)  Further, the Magistrate Judge analyzed Plaintiff's claims against Defendant SCDC and concluded that Defendant SCDC, as an agency of the State of South Carolina, has Eleventh Amendment immunity from the instant action seeking damages in this Court and should be dismissed accordingly.  (ECF No. 31 at 4-5.)  The Report states that this action is currently proceeding against Defendant Chris Golden, an SCDC investigator.  (ECF No. 31 at 5.)

  Plaintiff filed timely objections to the Report which the court has carefully reviewed.  (ECF No. 39.)  Plaintiff makes an objection to the Report's recommendation of dismissal for Defendant SCDC and states his belief that the governmental agency itself should be held liable for the alleged conduct of Defendant Chris Golden and three other unnamed SCDC investigators.  (ECF No. 39 at 1-2.)  Plaintiff maintains that SCDC is the "moving force" behind his claims, the alleged violation

of his rights, and the alleged injuries sustained. (ECF No. 39 at 3.) He argues that Eleventh Amendment Immunity should not prevent SCDC from being held liable for its actions. (ECF No. 39 at 4.) Plaintiff also objects to the recommended dismissal of Leighann and Lee Price because Plaintiff argues that Leighann Price allowed the investigators into her home so Plaintiff could be assaulted. (ECF No. 39 at 4.) Finally, Plaintiff asks this Court for assistance in helping him obtain certain documents and pictures from SCDC. (ECF No. 39 at 5.) Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition of this matter, particularly as it relates to the recommended dismissal of private citizens Leighann and Lee Price.

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a *person* acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). SCDC is not a person for purposes of liability under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") Further, the Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to preserve the sovereign immunity not only of the States, but also to state agents and instrumentalities. *Cash v. Granville County Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir.2001) (citing *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997)). SCDC is an agency of the state, and as such, is immune from suit in federal court in this instance. *See* U.S. Const. amend. XI; *Will*, 491 U.S. at 66

(in addressing the effect of the Eleventh Amendment in § 1983 actions, the Supreme Court has ruled that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *see also Clark v. Maryland Dep't of Pub. Safety & Corr. Servs.*, No. 08–7918, 2009 WL 646247, *2 (4th Cir. March 13, 2009) (unpublished decision); *Belcher v. South Carolina Bd. of Corrections*, 460 F.Supp. 805, 808-809 (D.S.C. 1978) (noting that the court must "dismiss The South Carolina Board of Corrections and The South Carolina Department of Corrections as parties as plaintiff seeks to impose a liability upon them which would require payment from public funds which is impermissible under the Eleventh Amendment.") Three narrow exceptions to Eleventh Amendment immunity exist, none of which are applicable here. First, the Supreme Court has held that Congress has not abrogated immunity for actions brought pursuant to 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 340, 99 S.Ct. 1139, 59 L.Ed. 2d 358 (1979). Further, although a State may waive sovereign immunity, *see Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. *See* S.C.Code Ann. § 15–78–20(e). Finally, Plaintiff's suit against SCDC does not sound as one seeking prospective, injunctive relief from state officials in their official capacities. *See Ex Parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

As discussed above, § 1983 makes "persons" acting under the color of law liable for Constitutional deprivations. "Persons" includes local governments whose officials commit constitutional torts "according to municipal policy, practice, or custom." *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000). "Persons" does not include "the State and arms of the State," which receive sovereign immunity from the Eleventh Amendment. *Howlett v. Rose*, 496 U.S. 356,

365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). Since SCDC is an arm of the state, and not a political subdivision or municipality, theories of municipal liability discussed in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), i.e., failure to train or supervise, have no application here. Specifically, the "Court's holding in *Monell* was limited to local government units which are not considered part of the State for Eleventh Amendment purposes . . ." *Quern*, 440 U.S. at 338 (internal citations and quotation marks omitted). Thus, to the extent Plaintiff seeks to assert a § 1983 claim for failure to train against SCDC, this claim is also subject to summary dismissal. Because Plaintiff named SCDC as a defendant to seek damages from the State of South Carolina, as it appears from reviewing Plaintiff's complaint, this action is barred by Eleventh Amendment immunity. *See generally Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (stating that absent waiver of Eleventh Amendment immunity, neither a State nor agencies acting under its control may be subject to suit in federal court).

## **CONCLUSION**

After a *de novo* review of the record, the applicable law, the Report and Recommendation and Plaintiff's objections (ECF No. 39) and supplemental objections (ECF No. 41 and 42), the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without issuance and service of process as to Defendants South Carolina Department of Corrections, Lee Price, and Leighann Price. Plaintiff is not without protection from SCDC employees because Plaintiff can sue specific individuals employed by SCDC such as Defendant

Chris Golden just as he has indicated he might do in his supplemental objections. This case will continue to proceed against Defendant Chris Golden. This matter is recommitted to the Magistrate Judge for further pretrial handling, including consideration of Plaintiff's pleading filed on March 28, 2013, to the extent it can be construed as a Motion to Amend/Correct the Complaint (ECF No. 38) and Plaintiff's several discovery related motions.

    IT IS SO ORDERED.

                            s/Mary G. Lewis
                            United States District Judge

May 3, 2013
Spartanburg, South Carolina