UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath, ) | C/A No. 5:13-cv-00317-MGL-KDW |
| Plaintiff, ) | |
| v. ) | ORDER |
| Chris Golden; Robert Stevenson, Warden; ) Dennis Bush, Warden; Lt. Rezendes; ) Sgt. Davenport; CO Gerity; Lt Harvey; Lt. Martin; ) Cpl Narimanov; DOI Investigator Mr. Estes; ) Lt Devine Carter; Sgt Dually; and Cpl. Morgan, ) Defendants. ) | |

Plaintiff, proceeding pro se, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motions to Appoint Counsel, ECF Nos. 166, 177. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

Plaintiff requests that the court appoint counsel to represent him in this matter because he is "at a stand still and don't know the proper ways/motions to file to keep [his] case moving forward" and because counsel can help prepare for, and represent Plaintiff at, a jury trial and in conducting discovery. ECF No. 166. Plaintiff also requests that the court appoint him counsel to assist Plaintiff with the service of his subpoenas because Plaintiff is in SMU which limits his "physical ability to obtain the subpoena information which is relevant to [his] case." ECF No. 177 at 1. Plaintiff alternately requests that either the court mail the

subpoenas for Plaintiff or that the court have the U.S. Marshal Service serve the subpoenas. *Id.* at 1.

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)).

The court finds that Plaintiff has failed to show that exceptional circumstances exist in this matter that would justify the appointment of counsel. *Whisenant*, 739 F.2d 160. Plaintiff has shown that he is able to represent his interests to this point in the lawsuit and Plaintiff's participation in this case has been more than adequate based on his filings. *Id.* Accordingly, Plaintiff's motions for appointment of counsel, ECF Nos. 166, 177, are DENIED. Plaintiff's request that the court mail his subpoenas or that they be served by the U.S. Marshal's Service is also DENIED. Plaintiff is further informed that the court will not consider any further motions for appointment of counsel unless this matter proceeds to trial.

IT IS SO ORDERED.

July 26, 2013                                                              Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge