UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath, | C/A No. 5:13-cv-00317-MGL-KDW |
| Plaintiff, | |
| v. | Report and Recommendation |
| Chris Golden; Robert Stevenson, Warden; Dennis Bush, Warden; Lt. Rezendes; Sgt. Davenport; CO Gerity; Lt Harvey; Lt. Martin; Cpl Narimanov; DOI Investigator Mr. Estes; Lt Devine Carter; Sgt Dually; and Cpl. Morgan, | |
| Defendants. | |

Plaintiff, an inmate proceeding pro se, filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. More specifically, Plaintiff contends that on December 12, 2012, Defendant Golden, and three other unknown South Carolina Department of Corrections ("SCDC") officials, attacked him at a location away from SCDC premises and beat Plaintiff while he was handcuffed. ECF No. 1-2 at 3. Plaintiff further contends that Defendants refused to provide him with medical treatment for almost 30 days so that they could cover up the alleged attack. ECF No. 1 at 1. This matter is before the court on Defendant Golden's Motion for Summary Judgment filed on May 17, 2013. ECF No. 64. Plaintiff filed numerous responses, in May, June and July 2013, in opposition to Defendant Golden's summary judgment motion. ECF Nos. 90, 102, 105, 108, 130, 147. Defendant Golden filed a reply to Plaintiff's first response, ECF No. 90, on June 7, 2013. ECF No. 104. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

73.02(B)(2)(d) and (e), D.S.C. Because Defendant Golden's Motion for Summary Judgment is dispositive, a Report and Recommendation is entered for the court's review.

Defendant Golden moves for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies before filing his § 1983 action. ECF No. 64. Defendant Golden contends that Plaintiff's Complaint states "that the alleged incident took place on December 12, 2012" and that Plaintiff filed a "Step 1 grievance on January 20, 2013" and had not received a final determination when Plaintiff filed his Complaint on February 5, 2013. ECF No. 64 at 6. Defendant Golden contends that under the "facts alleged by Plaintiff in his Complaint" that Plaintiff had "failed to exhaust his administrative remedies" and Plaintiff's action against Defendant Golden should be dismissed as a matter of law. *Id.*

Plaintiff opposes Defendant Golden's motion and argues that he is not "required to even grievance an issue that happens off grounds and out of the jurisdiction" of the prison facility. ECF No. 90 at 1. Plaintiff further argues that he is not required to exhaust his remedies because he is suing Defendant Golden in his individual capacity, and because "SCDC is not a defendant in [Plaintiff's] suit [] none of their rules should apply to [his] claims." *Id.* Plaintiff also argues that he did file a grievance in December 2012, within fifteen days of the December 12, 2012 assault, and that his grievances were either held or destroyed. ECF No. 90 at 1; ECF No. 102 at 3. Plaintiff attaches grievances filed after the December 12, 2012 incident to show the court that he "grievance everything and . . . asked for copys (sic) and responses to [his] pending grievances." ECF No. 130 at 4. Plaintiff claims that he is unable to produce the associated Requests to Staff because "SCDC withholds them." *Id.* Plaintiff argues that the warden did not respond to his grievance "within 45 day nor within 200 days to present date July 1st 2013" and therefore denied him

"any further steps to exhaust." ECF No. 147-1 at 5-6.   Plaintiff also complains that the Defendants failed to cooperate with his discovery requests and the court's orders.  ECF No. 108 at 1.  Plaintiff asks the court to allow him to continue his case because his "claim is true," Defendants have not proven that he failed to exhaust, and because he will soon go "to the county jail for pending charges" and will not be able to "exhaust over again at [Broad River Corrections Institution]."  ECF No. 108 at 5.  Plaintiff finally addresses the merits of his claims, including hand-drawn illustrations detailing the purported assault and his alleged injuries.  ECF Nos. 147, 147-1.

The Prison Litigation Reform Act of 1995 (PLRA) requires that "prisoners . . . exhaust such administrative remedies as are available prior to filing suit in federal court challenging prison conditions." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks omitted) (quoting 42 U.S.C. § 1997(e)(a)). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Before bringing suit in federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Moore,* 517 F.3d at 725 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Although the PLRA lacks a definition for the term available, the Fourth Circuit has interpreted it to mean that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Id.* Thus, administrative remedies are considered unavailable in situations in which "prison officials prevent inmates from using the administrative process." *Hill v. Haynes*, No. 08-

3

7244, 2010 WL 2182477, at **2 (4th Cir. June 2, 2010) (internal quotation marks omitted) (quoting *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). District courts have an obligation "to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Id.* (internal quotation marks omitted) (quoting *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

SCDC grievance policy time limits under the most recent version of the policy are summarized as follows: After unsuccessful attempts at informal resolution of the problem(s), **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen days of the alleged incident; **(2)** the grievance must then be entered into SCDC's automated system, and the Institutional Inmate Grievance Coordinator ("IGC") notified so that the information in the automated system can be finalized and an attempt to informally resolve it can be made within ten working before sending it to the Warden; **(3)** the Warden should respond to the inmate in writing within 40 days of the Warden's receipt of the Step 1 grievance, and then the IGC has five working days to provide the Step 1 response to the inmate; **(4)** the inmate may then appeal the Warden's response by completing a Form 10-5a (Step 2 Appeal) and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; **(5)** the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal and the Branch has another five "calendar days" to get the Step 2 appeal to the responsible SCDC official (the Division Director of Operations) for a response; **(6)** the Division Director of Operations then has 60 days from the day the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, **(7)** the IGC has another five days to serve the inmate with the Step 2 response. SCDC Policy/Procedure GA-01.12, at §§ 11; 13.1-13.6

(Oct. 1, 2010).  The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter.  *Id.*

The undersigned finds that, at the time of the incident, Plaintiff was an inmate who had escaped from a SCDC facility.[1]  Although Plaintiff was purportedly injured outside SCDC premises, he was a prisoner at the time and his claims are therefore subject to the PLRA's exhaustion requirement.  The undersigned has reviewed the record before the court and finds that Plaintiff filed a grievance regarding the December 12, 2012 incident on or about January 20, 2013.  ECF No. 1-2 at 2.  Plaintiff received a response to his Inmate Grievance Form on January 25, 2013 informing Plaintiff that his grievance was "forwarded to the Division of Investigations for possible review" and that he would be notified about their decision "sometime in the future."  ECF No. 1-4.  Plaintiff filed his Complaint approximately ten days later. *See* ECF No. 1.  It is clear from the pleadings that Plaintiff filed this case prematurely, before he fully exhausted the SCDC administrative remedy process.  Accordingly, the undersigned recommends that Defendant Golden's summary judgment motion, ECF No. 64, be granted and that Plaintiff's Complaint be dismissed without prejudice to allow Plaintiff to complete the SCDC grievance process.   If the court accepts this recommendation, Plaintiff's pending motions, ECF Nos. 151, 167, 187, and 203, will be moot.

---

[1] *See* ECF No. 104-1.

IT IS SO RECOMMENDED.

August 2, 2013 Kaymani D. West
Florence, South Carolina United States Magistrate Judge