UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andrew Marshall McElrath, | ) | C/A No.   5:13-cv-00317-MGL-KDW |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Robert Stevenson, Dennis Bush, Lt | ) | |
| Rezendes, Sgt. Davenport, CO Gerity, Lt | ) | |
| Harvey, Lt Martin, Cpl Narimanov, DOI | ) | |
| Investigator Mr. Estes, Lt Devine Carter, | ) | |
| Sgt Dually, Cpl Morgan | ) | |
| | | |
| Defendants. | | |

Plaintiff, a state prisoner proceeding pro se, brought this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court on Defendant Gerity's Motion for Summary Judgment filed on July 22, 2013. ECF No. 171. The court entered a *Roseboro* Order[1] on July 22, 2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 172. Plaintiff responded to Defendant's motion on July 26, 2013, ECF No. 193, making this motion ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendant Gerity's summary judgment motion is dispositive, a Report and Recommendation is entered for the court's review.

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

I.      Background

Plaintiff filed an Amended Complaint in this case on March 28, 2013 and alleges that, on or about March 8, 2013, Defendant Gerity tripped and fell against Plaintiff's door flap while Plaintiff was holding his lunch tray out of his door flap for Defendant Gerity to pick up, resulting in Plaintiff's hand being broken.  ECF No. 1-5 at 13.  Plaintiff alleges that Defendant Gerity was still in his training/probation period and should not have been working in Plaintiff's unit.  *Id.*

II.     Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.    Analysis[2]

Defendant Gerity moves for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies before filing his § 1983 action against Gerity. ECF No. 171 at 4-7. Gerity contends that Plaintiff's Complaint alleges that he was injured by Gerity on March 8, 2013. *Id.* at 6. Gerity contends that Plaintiff's Step 1 grievance concerning his hand injury was not submitted until April 1, 2013; however, Plaintiff filed a motion to amend his original complaint and add Gerity as a Defendant on March 28, 2013. *Id.* Gerity argues that Plaintiff's grievance was still pending as of July 22, 2013, the date Gerity's summary judgment motion was filed. *Id.* Plaintiff filed an opposition to Defendant Gerity's summary judgment motion but did not address Gerity's failure to exhaust argument. ECF No. 193. Instead Plaintiff addresses Defendant Gerity's South Carolina Torts Claims Act ("SCTCA") argument that Plaintiff is

---

[2] Defendant Gerity also moves for summary judgment arguing that a state law negligence claim may not be brought against him under the terms of the South Carolina Torts Claims Act. ECF No. 171 at 3-4. Because the undersigned recommends that summary judgment be granted for failure to exhaust, this argument was not addressed.

asserting a negligence claim that is barred by SCTCA by contending that Defendant Gerity acted with intentional malice when Plaintiff's hand was injured. *Id.* at 1.

The Prison Litigation Reform Act of 1995 (PLRA) requires that "prisoners . . . exhaust such administrative remedies as are available prior to filing suit in federal court challenging prison conditions." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks omitted) (quoting 42 U.S.C. § 1997(e)(a)). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Before bringing suit in federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Moore,* 517 F.3d at 725 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Although the PLRA lacks a definition for the term available, the Fourth Circuit has interpreted it to mean that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Id.* Thus, administrative remedies are considered unavailable in situations in which "prison officials prevent inmates from using the administrative process." *Hill v. Haynes*, No. 08-7244, 2010 WL 2182477, at **2 (4th Cir. June 2, 2010) (internal quotation marks omitted) (quoting *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). District courts have an obligation "to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Id.* (internal quotation marks omitted) (quoting *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

SCDC grievance policy time limits under the most recent version of the policy are summarized as follows: After unsuccessful attempts at informal resolution of the problem(s), **(1)**

an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen days of the alleged incident; **(2)** the grievance must then be entered into SCDC's automated system, and the Institutional Inmate Grievance Coordinator ("IGC") notified so that the information in the automated system can be finalized and an attempt to informally resolve it can be made within ten working days before sending it to the Warden; **(3)** the Warden should respond to the inmate in writing within 40 days of the Warden's receipt of the Step 1 grievance, and then the IGC has five working days to provide the Step 1 response to the inmate; **(4)** the inmate may then appeal the Warden's response by completing a Form 10-5a (Step 2 Appeal) and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; **(5)** the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal and the Branch has another five "calendar days" to get the Step 2 appeal to the responsible SCDC official (the Division Director of Operations) for a response; **(6)** the Division Director of Operations then has 60 days from the day the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, **(7)** the IGC has another five days to serve the inmate with the Step 2 response. SCDC Policy/Procedure GA-01.12, at §§ 11; 13.1-13.6 (Oct. 1, 2010). The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

After a review of the record before the court, the undersigned finds that Plaintiff's hand injury occurred on March 8, 2013, and Plaintiff's grievance regarding his hand injury was received by South Carolina Department of Corrections ("SCDC") on April 1, 2013, ECF No. 171-3. Because Plaintiff filed his Amended Complaint in this case on March 28, 2013 prior to SCDC receiving Plaintiff's grievance, it is clear that Plaintiff filed this case against Gerity prematurely and before he fully exhausted the SCDC administrative remedy process. The

undersigned therefore recommends that Defendant Gerity's Motion for Summary Judgment, ECF No. 171, be granted and that Plaintiff's Complaint as to Defendant Gerity and the March 8, 2013 hand injury be dismissed without prejudice to allow Plaintiff the opportunity to complete the SCDC grievance process.

      IT IS SO RECOMMENDED.

November 19, 2013                                                 Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**