UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andrew Marshall McElrath, | ) | C/A No.   5:13-cv-00317-MGL-KDW |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| Robert Stevenson, Dennis Bush, Lt Rezendes, Sgt. Davenport, CO Gerity, Lt Harvey, Lt Martin, Cpl Narimanov, DOI Investigator Mr. Estes, Lt Devine Carter, Sgt Dually, Cpl Morgan | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motions to Amend/Correct Complaint, ECF Nos. 71, 190, 197, 236, and Plaintiff's Motions to Compel, ECF Nos. 192, 204, 210, 235. Defendants have filed Responses in Opposition to Plaintiff's Motions. *See* ECF Nos. 98, 194, 201, 215, 221, 254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Plaintiff's Motions to Amend/Correct Complaint, ECF Nos. 71, 190, 197, 236**

Plaintiff moves the court to amend his Complaint to add additional Defendants and claims regarding a December 12, 2010 incident where Plaintiff was allegedly assaulted. Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be

denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (noting courts favor "resolution of cases on their merits.").

More specifically, Plaintiff moves to add a medical indifference, negligence, cruel and unusual punishment, and inadequate medical care claims against Nurse Smith who Plaintiff alleges is the head nurse at Broad River Correctional Institution. ECF No. 71. Plaintiff's medical care claims relate to Nurse Smith's treatment of injuries Plaintiff received as a result of a December 12, 2012 incident where Plaintiff was injured after being re-arrested after he escaped from SCDC custody. *Id.* Plaintiff also moves to add Thomas Burgess, Christopher Voll and Anthony Cotton as Defendants to his action and alleges that these three individuals "beat [him] with Chris Golden on 12-11-12." ECF No. 190, 197. Plaintiff finally requests that the Anderson County Sheriff Office ("ACSO") be added as a Defendant arguing that ACSO improperly trained and supervised its officers which resulted in Plaintiff being injured when he was re-arrested after his escape from a SCDC facility. ECF No. 236 at 1-2. Defendant opposes Plaintiff's motion to add Burgess, Voll, Cotton, and Nurse Smith arguing that these four individuals are SCDC employees and Plaintiff failed to exhaust his administrative remedies as to the December 12, 2012 incident prior to filing his Complaint. ECF No. 98, 194.

The court finds that Plaintiff's motions, ECF Nos. 71, 190, 197, 236, to amend his Complaint to add additional Defendants and claims related to the December 12, 2012 purported assault **should be denied**. On November 14, 2012, the district court adopted the Report and Recommendation in this case recommending that Plaintiff's claim against Defendant Golden concerning the purported assault on December 12, 2012, be dismissed for failure to exhaust.

ECF No. 270.  As a result, Plaintiff's proposed amendments would be futile as the December 12, 2012 claim is no longer before the court.

**Plaintiff's Motions to Compel, ECF Nos. 192, 204, 210, 235**

Plaintiff moves to compel Defendants to respond to discovery requests that were served on May 16, 2013, May 28, 2013, and June 26, 2013, which have not been answered as of the date Plaintiff filed his motion to compel.  ECF No. 192 at 2.  Plaintiff also asks for an order compelling Lt. Harvin to give a statement about Plaintiff's medical condition on December 11, 2012, and to state whether he "took pictures of [Plaintiff] upon arrival on 12-11-12 of [Plaintiff's] injury."  *Id.*  Plaintiff also seeks costs in the amount of $350.00.  *Id.*  Plaintiff also seeks to compel Defendants to produce:

- A copy of re-arrest report made by Chris Golden or SLED agents period obtaining [sic] to 12-11-12.

- A copy of the incident report regarding [Plaintiff's hand] injury on 3-8-13 involving C/O Gerity.

- A copy of the incident report made by or to Lt. Devine Carter on or around February 11, 2013 and February 24, 2013.

- A copy of the statement made to Lt. Devine Carter on or around 3-27-13.

- A copy of the pictures from the video that Clay Conyers took on December 11, 2012 that Chris Golden has access to since he is also a SLED agent.

- The incident reports and written statement made to Lt. Devine Carter obtaining to [sic] 12-11-12 and 2-12-13 and 2-24-13.

ECF No. 204 at 1, ECF No. 235 at 1.

- March 27, 2013 written statements.

- March 18, 2013 incident report made to C/O Gerity.

- Name and address of the hotel the investigators stayed in on December 11, 2012.

ECF No. 210.

In response to Plaintiff's Motions to Compel, Defendants' counsel contends that he has responded to discovery requests to Defendants Golden, Estes, Gerity, Davenport, Stevenson and Bush. ECF No. 254 at 1. Defendants' counsel further avers that "all responsive documents have been produced as of September 20, 2013." *Id.* In regard to Plaintiff's remaining discovery requests, Defendants counsel contends that Plaintiff has not served discovery requests to Lt. Martin and Lt. Carter. *Id.* at 2. Defendants' counsel further contends that he has attempted to get in touch with Defendants Narimanov, Dooley, and Morgan in an effort to prepare responses to Plaintiff's interrogatories, but he has not been able to reach these individuals. *Id.* Defendants request additional time to respond to these outstanding discovery requests.

In reply to Defendants' response, Plaintiff contends that Defendants' counsel has only answered six out of the 13 sets of discovery that were served. ECF No. 261. Plaintiff argues that Defendants' failure to adequately respond to his discovery requests in this case should result in a default judgment being entered against Defendants. *Id.* at 2. Plaintiff further opposes Defendants being given any additional time to respond to discovery in this case. *Id.*

Plaintiff's Motions to Compel, ECF Nos. 192, 204, 210, 235, **are denied in part, and granted in part**. The court finds that Plaintiff's December 12, 2012 claim has been dismissed by this court, and therefore, Plaintiff is no longer entitled to discovery related to this claim. Additionally, because the court is recommending that Plaintiff's claims against Defendant Gerity be dismissed, *see* ECF No. 280, all discovery related to Defendant Gerity and the March 8, 2013 hand injury **is hereby stayed** pending the resolution of Defendant Gerity's summary judgment motion. Defendants are to respond to Plaintiff's remaining discovery requests **by December 23, 2013.** No new discovery requests may be served in this case until Defendant Gerity's summary

judgment motion is resolved. Addressing Plaintiff's filing of multiple motions addressing the same topic and argument, **Plaintiff is ordered to immediately cease from filing duplicative and repetitious motions. Plaintiff is cautioned that should he fail to comply with the court's order, Plaintiff's action may be subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

IT IS SO ORDERED.

November 21, 2013                                     Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge