UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andrew Marshall McElrath, | ) | C/A No. 5:13-cv-00317-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| Robert Stevenson, Warden; Dennis Bush, | ) | |
| Warden;  Lt. Rezendes; Sgt. Davenport; | ) | |
| Lt. Martin; Cpl. Narimanov; DOI Investigator | ) | |
| Mr Estes; Lt. Devine  Carter; Sgt. Dually; | ) | |
| Cpl Morgan, and Lt. Harvin, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on Defendants' Motion for Summary Judgment filed on June 6, 2014. ECF No. 345. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on June 9, 2014, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 346. Plaintiff responded to the Motion for Summary Judgment on June 9, 2014, and June 18, 2014. ECF Nos. 348, 354. Additionally, Plaintiff filed a Motion for Summary Judgment on October 31, 2014. ECF No. 370. Defendants responded to Plaintiff's Motion, and Plaintiff filed a Reply. *See* ECF Nos. 371, 372. These Motions are now ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

I.  Factual and Procedural Background

Andrew Marshall McElrath ("Plaintiff") is currently incarcerated within the South Carolina Department of Corrections ("SCDC"). Since filing his Complaint, the court dismissed several defendants from this action.[2] *See* ECF Nos. 52, 84, 270, 291. The remaining Defendants have appeared and have moved for summary judgment on Plaintiff's surviving causes of action. Plaintiff's remaining causes of action, as stated verbatim by Plaintiff, are:

(1) Denying medical claim that remains in this action specific to all remaining defendants;
(2) Deliberate indifference claim to medical needs this action specific to all remaining defendants;
(3) Claims—I was forced to expose my nude body to a female C-O named cpl Narimanov upon arrival a BRCI on 12-11-12 which goes against my believe and Christian faith religion! This claim would involve the following officers ) Cpl Narimanov which is a Sgt at SCDC/BRCI[,] Lt Harvin, Lt Martin, Lt Carter, Warden Bush, Warden Stevenson;
(4) Claims—my legal material was took from me inorder to restrict me from having access to the court this claim involves the following officers Cpl Morgan, Sgt Dooley, Lt Carter, DOI-Estes, Warden Bush, Warden Stevenson
(5) Claims—Humiliation/right to privacy was violated by SCDC wardens/staff by them taking pics of my medical condition and saling them to a tv station which advertised them.

*See* ECF Nos. 294, 297.

II.  Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that

---

[2] Claims against two of the five dismissed defendants were dismissed without prejudice for failure to exhaust administrative remedies. *See* ECF Nos. 270, 291.

assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

  III. Analysis

    A. Failure to Exhaust

Defendants contend that they are entitled to summary judgment on Plaintiff's claims because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") timely and properly. ECF No. 345-1 at 4-7. Defendants argue that Plaintiff procedurally defaulted on his claims "by failing to properly exhaust. . .

administrative remedies as set forth by the state agency." *Id.* at 6-7 (citing to *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)).

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative remedies. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement. Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his

4

administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005).

    1. Plaintiff's First and Second Causes of Action (Medical Indifference)

Defendants maintain that Plaintiff failed to timely and properly submit his Step 1 grievance relating to his first and second causes of action regarding inadequate medical care and deliberate indifference and, therefore, those claims should be dismissed with prejudice for procedural default. ECF No. 345-1 at 7. Defendants assert that Plaintiff filed a Step 1 Grievance, Number 0147-13, on February 13, 2013, where he raised allegations of inadequate medical care for injuries he incurred on December 11, 2012, and December 28, 2012. *Id.* at 8. However, Defendants represent that Grievance Number 0147-13 was "returned unprocessed as it contained multiple issues, some of which were grieved multiple times." *Id.* Furthermore, Defendants maintain that this grievance was filed several weeks after the 15-day deadline of the alleged incident to file a Step 1 grievance.

In support of their Motion for Summary Judgment, Defendants offer the affidavit of Ann Hallman who is the Branch Chief for the Inmate Grievance Branch with SCDC. Hallman Aff. ¶ 2, ECF No. 345-2. Hallman listed and attached all of Plaintiff's grievances filed between December 2012 and June 2013 to her affidavit. *See id.* at 345-2 at 1-73. The majority of Plaintiff's grievances were unprocessed, and Plaintiff failed to appeal any grievance that was returned and denied. *See* ECF No. 345-2 at 8-73 (including only Step 1 grievance forms in all grievances filed).

Plaintiff responds to Defendants' exhaustion argument by asserting that he was released from SCDC custody and that SCDC wardens and grievance personnel advised him that his issues "could not he grievanced (sic)." ECF No. 365 at 1. However, issues related to the conditions of

his confinement are grievable issues, and Plaintiff's assertion is incorrect. *See e.g.*, *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 815 (D.S.C. 2008) (holding that Plaintiff's assertion that his complaints are non-grievable pursuant to SCDC's Inmate Grievances Policy is erroneous, and all issues that relate to the conditions of Plaintiff's imprisonment are grievable issues that are "under the exclusive control of SCDC"); *Carter v. Warden*, No. 8:08-2066-CMCBHH, 2009 WL 1393447, at *4 (D.S.C. May 18, 2009) ("However, the petitioner's pro se status and his ignorance of the law do not constitute cause sufficient to excuse his default.").

The undersigned has reviewed the evidence before the court and finds that Plaintiff did not exhaust his administrative remedies concerning his first and second causes of action for medical indifference because he either filed his grievances untimely, failed to correct unprocessed grievances, or failed to appeal adverse decisions on the grievances. Therefore, because Plaintiff failed to exhaust his available administrative remedies before filing this action, the undersigned recommends granting Defendants' Motion for Summary Judgment and dismissing Plaintiff's first and second causes of action for his failure to exhaust administrative remedies.  *See Pozo,* 286 F.3d at 1024 (holding that an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."); *see also Blevins v. Loranth*, No. 09-788-TLW-BM, 2010 WL 670099, at *3 (D.S.C. Feb. 22, 2010), ("Plaintiff needed to file and exhaust his administrative claim [] at FCI Williamsburg prior to proceeding with this lawsuit."); *Johnson v. Ozmint*, 567 F. Supp. 2d at 814 ("There is no evidence that Plaintiff appealed the initial denial of his grievance relating to his cell door being locked."); *Kirk v. Kirkland*, No. 0:06-1036 MBS-BM, 2006 WL 3759801 at *2 (D.S.C. Dec. 18, 2006) (finding that "before Plaintiff may proceed with his claim in this Court, he must first have exhausted any administrative remedies that were available at the Detention Center.").

2. Plaintiff's Third and Fifth Causes of Action (Forced Exposure of Nudity and Humiliation/Right to Privacy)

Defendants argue that Plaintiff's third and fifth causes of action for invasion of privacy are procedurally barred. ECF No. 345-1 at 9-10. Specifically, Defendants maintain that Plaintiff first filed a Step 1 grievance raising these allegations on or after January 9, 2013, more than 15 days after the alleged disrobing incident. *Id.* at 9. Additionally, Defendants argue that there is no record of any grievance being filed concerning Plaintiff's humiliation/right to privacy claim. *Id.* at 10. Plaintiff argues that that he was not "aware that SCDC employees at BRCI had sold and/or release[d]" Plaintiff's medical records and pictures that were taken of him upon his arrival at BRCI on December 11, 2012, until approximately 100-160 days later. ECF No. 365 at 2. However, Plaintiff does not explain why he did not file a Step 2 grievance form concerning this cause of action or any other. *See id.*

3. Plaintiff's Fourth Cause of Action (Denial of Access to Courts)

Defendants argue that Plaintiff's fourth cause of action for being denied access to the courts should be dismissed with prejudice for procedural default. ECF No. 345-1 at 9. Defendants maintain that Plaintiff filed a Step 1 grievance, Grievance Number 0088-13, on or after January 9, 2013 wherein he raised his allegations, and the grievance was returned unprocessed. *Id.* at 10. Furthermore, though Plaintiff was given an opportunity to correct the grievance and include requested information with it, he did not refile the grievance. *Id.* Therefore, Defendants maintain that Plaintiff failed to comply with SCDC's grievance procedures, and he is barred from now bringing the allegations in federal court. *Id.*

The undersigned finds that Plaintiff clearly failed to exhaust his claims for invasion of privacy by failing to appeal and fully exhaust his administrative remedies. Similarly, Plaintiff's claim that he was denied access to court, or more specifically that his legal materials were

confiscated during a cell search, was also not exhausted. As previously found, Plaintiff failed to file a Step 2 grievance form for any of his alleged grievances. Accordingly, the undersigned recommends granting Defendants' Motion for Summary Judgment and dismissing both of Plaintiff's causes of action for invasion of privacy and his cause of action for denial of access to courts. *See Pozo,* 286 F.3d at 1024; *see also Blevins v. Loranth*, No. 09-788-TLW-BM, 2010 WL 670099, at *3 (D.S.C. Feb. 22, 2010); *Kirk v. Kirkland*, No. 0:06-1036 MBS-BM, 2006 WL 3759801 at *2 (D.S.C. Dec. 18, 2006).

### B.  Plaintiff's Motion for Summary Judgment

On May 21, 2014, Plaintiff filed a Motion for Summary Judgment and/or Judgment by Default. ECF No. 337. Therein, Plaintiff asked the court to grant judgment "in his favor for the sum of $250,00.00." *Id.* Plaintiff maintains that he produced documentation showing that SCDC/Lt. Harvin took pictures that were later sold to news media. *Id.* Further, Plaintiff maintains that he is entitled to the requested relief because Defendants failed to comply with the court's order instructing them to respond to Plaintiff's discovery requests. *Id.* Based on the undersigned's review of the evidence before the court, there is no indication that Defendants sold any pictures of Plaintiff to news media, contrary to Plaintiff's representations. Furthermore, it appears that Defendants responded to Plaintiff's discovery requests; however, an alleged failure to respond to these requests would not be a proper basis for the court to grant Plaintiff's Motion. Accordingly, the undersigned recommends that Plaintiff's Motion for Summary Judgment and/or Judgment by Default be denied.

On October 31, 2014, Plaintiff filed a second Motion for Summary Judgment, ECF No. 370, asserting a cause of action for excessive force from a December 11, 2012 incident. This excessive force cause of action is no longer part of this action. *See* ECF Nos. 205, 270.

Additionally, Plaintiff reasserts causes of action concerning photographs taken of him that were later given or sold to news outlets. *Id.* at 2-4. Plaintiff argues that the Freedom of Information Act ("FOIA") only allows the public to view and copy/inspect public information, and here he is alleging that SCDC staff sold or gave away these photographs. *Id.* at 3. However, Plaintiff makes only conclusory allegations that SCDC staff sold pictures, provides no evidence of a sale, and he has no constitutional right to privacy in his personal medical information. *See Sherman v. Jones*, 258 F. Supp. 2d 440, 443 (E.D. Va. 2003) ("Fourth Circuit has also declined invitations to declare a constitutional right to privacy in one's personal medical information."). Moreover, the news outlets that allegedly published Plaintiff's pictures and invaded his privacy are not parties to this lawsuit. Citing to arguments made in their Motion for Summary Judgment, Defendants respond that Plaintiff is not entitled to judgment as a matter of law. ECF No. 371 at 3. Nothing in Plaintiff's Motion for Summary Judgment indicates that Plaintiff fully exhausted his administrative remedies which is a prerequisite to filing a civil lawsuit. Therefore, the undersigned recommends Plaintiff's Motion for Summary Judgment, ECF No. 370, be denied.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 345, be GRANTED and Plaintiff's Motion for Summary Judgment and/or Judgment by Default, ECF No. 337, and Motion for Summary Judgment, ECF No. 370, be DENIED.

IT IS SO RECOMMENDED.

*[Signature: Kaymani D. West]*

December 4, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**