UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath, <br><br>                            Plaintiffs, <br>vs. <br><br>Robert Stevenson, Warden; Dennis Bush, Warden; Lt. Rezendes; Sgt. Davenport; Lt. Martin; Cpl. Narimanov; DOI Investigator Mr. Estes; Lt. Devine Carter; Sgt. Dually; Cpl Morgan, and Lt. Harvin, <br><br>                            Defendants. | Civil Action No. 5:13-317-BHH <br><br><br><br>**OPINION AND ORDER** |

## BACKGROUND

Plaintiff Andrew Marshal McElrath ("the plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against the defendants Robert Stevenson, Dennis Bush, Warden, Lt. Rezendes, Sgt. Davenport, Lt. Martin, Cpl. Narimanov, DOI Investigator Mr. Estes, Lt. Devine Carter, Sgt. Dually, Cpl Morgan, and Lt. Harvin ("the defendants"). (Compl., ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Kaymani D. West for pretrial handling and a Report and Recommendation. Magistrate Judge West recommends that the court grant the defendants' motion for summary judgment (ECF No. 345) and deny the plaintiff's motion for summary judgment (ECF Nos. 337 and 370). (ECF No. 373.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

1

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

As noted above, the plaintiff filed objections to the Magistrate Judge's Report and Recommendation which the Court has carefully reviewed. The objections, while specific, are unpersuasive, and the Court agrees with the Magistrate Judge's comprehensive and well-reasoned Report and Recommendation. Having conducted a *de novo* review of the entire Report and Recommendation, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Upon review, the Court finds the plaintiff's objections lack merit, and they are hereby overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the court overrules the plaintiffs' objections and, to the extent it does not contradict this order, adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED *without prejudice*.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

January 23, 2015
Greenville, South Carolina